## MOREY v. BROWN.

One Jeremiah P. Morey, owning a dog, engraved upon his collar the letters "J. P. M." *Held*, that this was not engraving on the collar the name of the owner of the dog, within the meaning of the fifth section of chapter 127 of the Revised Statutes.

Where the statute provides that "no person shall be liable for killing any dog which shall be found not having around his neck a collar of brass, tin or leather, with the name of the owner or owners carved or engraved thereon," actual notice of the ownership of a dog, found without such a collar, will not make a person liable for killing him.

Such an enactment is not in conflict with the constitution of New-Hampshire.

TRESPASS, by Jeremiah P. Morey, for killing his dog, on the third day of May, 1859. The evidence tended to prove the killing on that day, and that the dog then had around his neck a collar of leather, with the initials of the plaintiff's name, "J. P. M.," carved or engraved thereon; and there was evidence tending to show that the defendant knew that the plaintiff was the owner of the dog.

The court, being of the opinion that the action could not be maintained, directed a nonsuit, subject to the opinion of the whole court.

*Shirley*, for the plaintiff.

*Everett*, for the defendant.

BARTLETT, J. The fifth section of chapter 127 of our Revised Statutes, which is but a revision of the act of 1811 (Laws of 1815, 418), provides that "no person shall be liable by law for killing any dog which shall be found not having around his neck a collar of brass, tin or leather, with the name of the owner or owners carved or engraved thereon." This act was intended to secure responsibility for damages committed by dogs, and requires the owners' names to be attached to them, in order that dogs may carry notice of such ownership. *State* v. *McDuffie*, 34 N. H. 528. The inscription of the letters "J. P. M." upon the collar was not a carving or engraving of the name Jeremiah P. Morey thereon; indeed, the plaintiff hardly claims this, but he argues that a person has the right, at any time, to assume any name he chooses, and that the plaintiff had assumed the name "J. P. M." Of this there is no evidence, unless it may be found in the fact that "J. P. M.," the initials of the plaintiff's name, were engraved on the collar. But if this entire position of the plaintiff were admitted, he must still fail in this suit. There is no evidence that the plaintiff was known by the name "J. P. M.," and if it were conceded that he had the right to assume it at any time, the inscription upon the collar, of a name so assumed, by which the plaintiff was not known, would not be a compliance with the statute. The plaintiff concedes it to be the intention of the law to furnish notice of the name of the owner of the dog; but placing upon the collar a mark or name by which the owner is not known, would hardly give such notice.

Actual notice of the ownership of the dog will not supersede the necessity of a compliance with the statute. Its provisions are direct and positive, and the consequences of a neglect of the statutory requirements are explicitly enacted. *Tower* v. *Tower*, 18 Pick. 262.

The plaintiff claims that the act is in conflict with our constitution; but we do not think so. It is not, as he argues, an act to take private property for public uses, or to deprive parties of their property in dogs; but merely to regulate the use and keeping of such property in a manner that seemed to the legislature reasonable and expedient. It is a mere police regulation, such as we think the legislature might constitutionally establish. There must be judgment on the nonsuit.